UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Carl Craig Larson,<br><br>Defendant. | Case No. 13-CR-159 (SRN/JJG)<br><br><br>**ORDER** |

William C. Mattessich, Department of Justice—United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Robert H. Meyers, Office of the Federal Defender–District of Minnesota, 300 South 4th Street, Suite 107, Minneapolis, MN 55415, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C § 2255, filed by Defendant Carl Larson through counsel on August 8, 2023 [Doc. No. 48]. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court respectfully **GRANTS** Mr. Larson's unopposed motion.

**I.   BACKGROUND**

Mr. Larson pled guilty to one count of being a Felon in Possession of a Firearm, in violation of 18 U.S.C § 922(g)(1). (Sent. J. [Doc. No. 39] at 1.) The Presentence Report ("PSR"), which neither party objected to, recommended that Mr. Larson receive an Armed Career Criminal Act ("ACCA", 18 U.S.C. § 924(e)) sentencing enhancement based on

1

three prior convictions: a 1999 conviction for first-degree burglary; a 1986 conviction for second-degree murder, and a 2010 conviction for first-degree attempted burglary. (PSR at 6, 8–9.) The ACCA imposes a mandatory minimum sentence of 180 months for a person who violates § 922(g) and has three previous convictions for a violent felony or serious drug offense. 18 U.S.C. § 924(e)(1). Although Mr. Larson's offense carried a maximum penalty of 120 months at the time he was sentenced (18 U.S.C. § 924(a)(2) (2014)), on March 5, 2014, the Court determined that Mr. Larson was subject to an ACCA sentencing enhancement and imposed a sentence of 235 months to be followed by a 5-year term of supervised release.[1] (Sent. J. at 2–3.)

Mr. Larson has asked this Court to vacate the previously imposed sentence, arguing that due to a change in the law he is not an armed career criminal. The Government agrees that Mr. Larson does not qualify as an armed career criminal within the meaning of the ACCA and that the sentencing enhancement should not apply.

## II.    DISCUSSION

Federal inmates may move the Court that sentenced them to vacate, set aside, or correct its original sentence by petitioning for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. The movant bears the burden to prove each ground entitling relief. *Golinveaux v. United States*, 915 F.3d 564 (8th Cir. 2019).

---

[1] The Court made Mr. Larson's sentence concurrent with a 99-month sentence previously imposed in state court, which Mr. Larson was sentenced to on June 27, 2013. *See* Sent. J. at 2; Det. Order [Doc. No. 7].

2

At the time Mr. Larson was sentenced, the ACCA defined the term "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," (hereinafter the force clause) (2) "is burglary, arson, or extortion, involves use of explosives," (hereinafter the enumerated offenses clause) or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (hereinafter the residual clause). 18 U.S.C. § 924(e)(2)(B) (2014); *see Forrest v. United States*, 934 F.3d 775, 776–77 (8th Cir. 2019). In 2015, the United States Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague. *Johnson v. United States*, 576 U.S. 591, 606 (2015). And in 2016, the Supreme Court determined that its holding in *Johnson* shall apply retroactively to cases on collateral review. *Welch v. United States*, 578 U.S. 120, 135 (2016).

The parties agree that Mr. Larson's 2010 conviction for attempted burglary only qualified as a predicate offense for a sentencing enhancement under the ACCA's residual clause. In light of the Supreme Court's decision in *Johnson*, Mr. Larson argues and the Government agrees that Mr. Larson does not have three predicate offense convictions for ACCA purposes and thus is not an armed career criminal within the meaning of the statute. This Court agrees.

The parties agree that Mr. Larson's ACCA sentence should be vacated, and that he should be resentenced under 18 U.S.C § 924(a)(2) (2014) to a term of imprisonment of 120 months, followed by a 3-year term of supervised release. The Court finds that, crediting

3

Mr. Larson for his time served on his concurrent sentence in state court, Mr. Larson has served at least 120 months in prison. *See* U.S.S.G. § 5G1.3.

## III.  ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

**A.**  Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C § 2255 [Doc. No. 48] is **GRANTED** and he is entitled to release within 48 hours.

**B.**  Judgment in the criminal case is **AMENDED** as follows:

Defendant's sentence is hereby reduced to a term of one hundred-twenty (120) months imprisonment, followed by three (3) years of supervised release.

As a special condition of supervised-release, Defendant shall reside in a probation approved halfway house for up to ninety (90) days.

**C.**  All other terms and conditions of the Court's original sentence shall remain as originally imposed.

**IT IS SO ORDERED.**

Dated: September 6, 2023                    /s/ Susan Richard Nelson
                                            SUSAN RICHARD NELSON
                                            United States District Judge